Charles J. Smith, Administrator, Appellee, v. L. S. Smith et al., Appellants.

(Not to be reported in full.)

Appeal from the Circuit Court of Perry county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed April 13, 1917.

## Statement of the Case.

Claim by Charles J. Smith, administrator of the estate of John Smith, deceased, claimant, against L. S. Smith, C. J. Eschman and H. C. Miller, trustees of the estate of Henry Horn, deceased, defendants. From a judgment for $1,179.17 in favor of claimant, defendants appeal.

B. W. POPE, for appellants.

NELSON B. LAYMAN, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTORS AND ADMINISTRATORS, § 240*—*when no legal excuse is shown for not filing claim in time.* Where adminstration of an estate had been transferred from the County Court to the equity side of the Circuit Court, and the transfer was made five months after issuance of the original letters, and it appeared that the claim was 'filed within one year after such transfer; that no pleadings were filed; that objection was made to the claim on the ground of its not having been filed within one year of the granting of letters by the County Court; that claimant, in excuse for not filing the claim within the year, presented testimony that he had been ad-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

vised by counsel that he would have one year for the filing of the claim after the transference of administration to the Circuit Court, and that he had been physically ill, *held* that no legal excuse for not filing the claim within the year provided by the statute had been shown, and that the cause should be remanded with directions to modify the judgment so as to make it apply solely to subsequently discovered and inventoried assets.

2. EQUITY, § 79*—*when equity will give effect to statute of limitations.* Where administration of an estate had been transferred from the County Court to the equity side of the Circuit Court, and it appeared that the transfer occurred five months after issuance of the original letters; that the claim was filed within one year after such transfer; that no pleadings were filed, and that objection was made to the claim on the ground of its not having been filed within one year, *held* that equity would regard and give effect to the statute of limitations, and not apply equity rules of practice.

3. EQUITY, § 79*—*when will not assist person whose rights are barred by statute of limitations.* Where a remedy at law is afforded and the party neglects to avail himself of it, equity will not assist such party after his rights have been barred by the statute of limitations.

4. EXECUTORS AND ADMINISTRATORS, § 264*—*when filing of plea of statute of limitations is unnecessary.* The filing of a plea of the statute of limitations is not necessary in the defense of claims against an estate.

5. LIMITATION OF ACTIONS, § 108*—*what is effect of absence of pleadings on necessity of filing plea of statute.* Where no pleadings are filed in a proceeding, a plea of the statute of limitations is unnecessary, as there is no declaration to which such plea could run.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.